NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



ELKIN FIDEL VERA-
MENDOZA; LAURA LORENA RICO-
SUAREZ; JOAN SEBASTIAN VERA-
RICO; ELKIN EFREY VERA-RICO,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-5078

Agency Nos.
A241-714-246
A241-714-289
A241-714-290
A241-714-291

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2025**
San Francisco, California

Before: S.R. THOMAS, M. SMITH, and BRESS, Circuit Judges.

Elkin Fidel Vera-Mendoza, his wife, Laura Lorena Rico-Suarez, and minor

children, Joan Sebastian Vera-Rico and Elkin Efrey Vera-Rico, natives and citizens

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of Colombia, petition for review of a Board of Immigration Appeals ("BIA") decision dismissing their appeal from an Immigration Judge's ("IJ") order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Vera-Mendoza's wife and children are derivative applicants on his application for relief, so we refer to petitioners collectively as "Vera-Mendoza."[1]

We have jurisdiction under 8 U.S.C. § 1252. "We review the denial of asylum, withholding of removal[,] and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We also review the IJ's adverse credibility determinations for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez*, 918 F.3d at 1028. We deny the petition for review.

1. Substantial evidence supports the denial of asylum and withholding of removal. To be eligible for asylum, Vera-Mendoza must "demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C.

---

[1] Because Vera-Mendoza's wife and children did not challenge the IJ's denial of their separate applications before the BIA, we consider only Vera-Mendoza's application.

§ 1101(a)(42)(A)).  For withholding of removal, Vera-Mendoza must establish "that it is more likely than not" that he will be persecuted "because of" membership in a particular social group or other protected ground.  *Barajas-Romero v. Lynch*, 846 F.3d 351, 357, 360 (9th Cir. 2017); *see* 8 U.S.C. § 1231(b)(3)(A).  For both forms of relief, Vera-Mendoza must show that his past or feared persecution bears a nexus to a protected ground.  *Garcia v. Wilkinson*, 988 F.3d 1136, 1143, 1146–47 (9th Cir. 2021).  Vera-Mendoza must also demonstrate that any persecution would be committed by the Colombian government or forces the government is unwilling or unable to control.  *Aleman-Belloso v. Bondi*, 128 F.4th 1031, 1044 (9th Cir. 2024); *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064–65 (9th Cir. 2020).

In this case, the record does not compel the conclusion that Vera-Mendoza established any nexus between the harm he experienced and fears and his status as a community leader or his opposition to the National Liberation Army ("ELN").  Although Vera-Mendoza claimed that ELN members suggested or stated that they stopped him on August 19, 2022 and attacked him on September 22, 2022 because he was a community leader, substantial evidence supports the agency's determination that this testimony was not credible.  Vera-Mendoza's police report, which was produced within a week of the September 22, 2022 attack, included numerous details but omitted these statements by ELN members.  The agency could reasonably conclude that Vera-Mendoza failed to persuasively explain why the

3                                                                    24-5078

alleged statements from ELN members about the reasons for the claimed persecution would be excluded from the police report. *See Ruiz-Colmenares*, 25 F.4th at 749 (adverse credibility determinations are based on the totality of the circumstances, including the "consistency between the applicant's . . . written and oral statements . . . the internal consistency of each such statement," and "the consistency of such statements with other evidence of record") (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

Excluding his non-credible statements, the record does not otherwise compel the conclusion that ELN members targeted Vera-Mendoza based on his community leader role or his opposition to the ELN. Rather, given Vera-Mendoza's testimony that the ELN extorted all businesses in the area and that the ELN extorted and robbed him, the record supports the agency's determination that ELN members were motivated by an interest in funding their organization, which does not establish a nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that a "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

In addition, the record does not compel the conclusion that the Colombian government is unwilling or unable to control the ELN. The police issued a protective order the same day they took Vera-Mendoza's report. The next day, the Colombian military called Vera-Mendoza and asked him to help them oppose the ELN. Given these circumstances, substantial evidence supports the agency's determination.

2. Substantial evidence supports the denial of CAT relief. For CAT relief, Vera-Mendoza must "prove that it is more likely than not that (1) [he], in particular, would be (2) subject to harm amounting to torture (3) by or with the acquiescence of a public official, if removed." *Garcia*, 988 F.3d at 1147. Vera-Mendoza has not demonstrated past torture. Nor does the record compel the conclusion that Colombian officials would consent or acquiesce to Vera-Mendoza's torture, when Colombian authorities accepted Vera-Mendoza's report to the police, issued him a protective order, and attempted to conduct a further investigation.

**PETITION DENIED.**[2]

---

[2] Vera-Mendoza's motion to stay removal, Dkt. 3, is denied. The temporary stay of removal shall remain in place until the mandate issues.